UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**VEP BIOTECH LTD.,**

*Plaintiff/Counterclaim Defendant*,

v.

**QUADRANT BIOSCIENCES, INC.,**

*Defendant/Counterclaim Plaintiff*.

Civil Action No. 5:23-CV-1428 (GTS/ML)

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
VEP BIOTECH LTD.'S MOTION FOR JUDGMENT ON THE PLEADINGS
(Fed. R. Civ. P. 12(c))**
_____

Dated:  15 FEBRUARY 2024

**REED SMITH LLP**
599 Lexington Avenue, Suite 2900
New York, NY 10022
Tel: 212.549.4237

*Attorneys for VEP Biotech Ltd.*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL STANDARD AND BACKGROUND ........................................................................... 1

ARGUMENT .................................................................................................................................. 2

       A.      VEP's Complaint Establishes A Prima Facie Case Of Default On A Promissory Note ................................................................................................. 2

       B.      Quadrant's Answer Raises No Issue Of Fact Or Law That Could Serve As A Basis For Contesting VEP's Motion For Judgment On The Pleadings .............. 4

       C.      Quadrant's Affirmative Defenses and Counterclaim Are Irrelevant And Are Not A Basis For Denying VEP's Motion For Judgment On The Pleadings ................................................................................................................. 6

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**   **Pages**

*Alexander & Alexander Servs. v. Certain Underwriters at Lloyd's*,
  136 F.3d 82 (2d Cir. 1998) ............................................................................................... 2

*Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.*,
  537 F. Supp. 3d 533 (S.D.N.Y. 2021) ............................................................................... 2

*Barbosa v. Jastrzab*,
  No. 1:08-CV-857, 2009 U.S. Dist. LEXIS 26323 (N.D.N.Y. Mar. 30, 2009) .................. 2

*Berkshire Bank v. Tedeschi*,
  No. 1:11-CV-0767, 2013 U.S. Dist. LEXIS 43214 (N.D.N.Y. Mar. 27, 2013) ................. 2

*Better Holdco, Inc. v. Pierce*,
  2023 U.S. Dist. LEXIS 177044 (S.D.N.Y. Sep. 29, 2023) ................................................ 7

*Borg v. BelairRidge Development Corp.*,
  270 A.D.2d 377 (N.Y. App. Div. 2000) ............................................................................ 8

*Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*,
  No. 1:22-cv-08842 (JLR), 2023 U.S. Dist. LEXIS 163524 (S.D.N.Y. Sep. 14,
  2023) ................................................................................................................................. 1

*Citibank, N.A. v. Tormar Assocs. LLC*,
  No. 15-CV-1932 (JPO), 2015 WL 7288652 (S.D.N.Y. Nov. 17, 2015) ........................... 5

*East New York Savings Bank v. Baccaray*,
  214 A.D.2d 601 (N.Y. App. Div. 1995) ............................................................................ 9

*Embraer Finance Ltd. v. Servicios Aereos Profesionales, S.A.*,
  42 A.D.3d 380 (N.Y. App. Div. 2007) .............................................................................. 8

*Foster Family LP v. Adelphi Luxury Apartments LLC*,
  No. 10-CV-2844 (FB) (CLP), 2012 U.S. Dist. LEXIS 30288 (E.D.N.Y. Mar.
  7, 2012) ............................................................................................................................. 6

*Gallagher's NYC Steakhouse Franchising v. NY Steakhouse Of Tampa*,
  11 Civ. 1456 (THK), (S.D.N.Y. Dec. 5, 2011) .................................................................. 7

*Haselnuss v. Delta Testing Laboratories, Inc.*,
  249 A.D.2d 509 (N.Y. App. Div. 1998) ............................................................................ 9

*Herrschaft v. Nat'l Transp., Inc.*,
  No. 21-CV-5618-PKC-JRC, 2023 U.S. Dist. LEXIS 134555 (E.D.N.Y. Aug.
  2, 2023) ............................................................................................................................. 2

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011) ..................................................................................................1

*Law Debenture Tr. Co. v. Maverick Tube Corp.*,
    595 F.3d 458 (2d Cir. 2010) ..................................................................................................2

*Margarella v. Ullian*,
    83 N.Y.S.3d 569 (N.Y. App. Div. 2018) ...............................................................................8

*N.Y. Cmty. Bank v. Fessler*,
    88 A.D.3d 667 (N.Y. App. Div. 2011) ..................................................................................8

*Red Fort Capital, Inc. v. Guardhouse Prods. LLC*,
    397 F. Supp. 3d 456 (S.D.N.Y. 2019) ...................................................................................5

*Voiceage Corp. v. Realnetworks, Inc.*,
    926 F. Supp. 2d 524 (S.D.N.Y. 2013) ...................................................................................2

*Wells Fargo Bank v. Nasr*,
    No. 19cv47(DLC), 2019 U.S. Dist. LEXIS 79847 (S.D.N.Y. May 10, 2019) ...................4, 5

**Rules**

Fed. R. Civ. P. 12(c) ...............................................................................................................1, 2, 9

– 1 –

## PRELIMINARY STATEMENT

Plaintiff VEP Biotech Ltd. ("VEP") filed this straightforward action to recover on a promissory note that Quadrant Biosciences, Inc. ("Quadrant") has refused to pay. According to the clear terms of the note, which is attached as an exhibit to the complaint, it is undisputed that VEP loaned $5 million in exchange for Quadrant's unconditional promise to repay that sum with interest on the maturity date five years later. Quadrant's answer admits the validity of the promissory note, that the maturity date has passed, and that Quadrant has failed to pay the amounts due despite VEP's demand for payment. Resolution through a motion for judgment on the pleadings is thus warranted, and the Court should grant VEP's motion.

## LEGAL STANDARD AND BACKGROUND

The law applicable to a motion for judgment on the pleadings is well-established and clear. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "after the pleadings are closed — but early enough not to delay a trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When a plaintiff moves for judgment on the pleadings, "the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 1:22-cv-08842 (JLR), 2023 U.S. Dist. LEXIS 163524, at *15 (S.D.N.Y. Sep. 14, 2023) (citation omitted).

When ruling on a Rule 12(c) motion, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted). Where a defendant's answer "admits, alleges, or fails to deny facts which, taken as true, would entitle plaintiff to relief on one or more claims supported by the

– 2 –

complaint, then plaintiff's Rule 12(c) motion should be granted." *Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.*, 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021) (citation omitted);

"A promissory note is a contract and is thus construed according to general rules of contract interpretation." *Herrschaft v. Nat'l Transp., Inc.*, No. 21-CV-5618-PKC-JRC, 2023 U.S. Dist. LEXIS 134555, at *10 (E.D.N.Y. Aug. 2, 2023). Judgment on the pleadings "can be particularly appropriate in breach of contract cases involving legal interpretations of the obligations of the parties," which "is a question of law for a court." *Voiceage Corp. v. Realnetworks, Inc.*, 926 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2013) (citing *Alexander & Alexander Servs. v. Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998). Under New York law, "a written agreement that is complete, clear and unambiguous on its face must be [interpreted] according to the plain meaning of its terms . . . without the aid of extrinsic evidence[.]" *Law Debenture Tr. Co. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (modification in original) (citation omitted) (applying New York law).

The relevant pleadings and documents are undisputed. VEP filed its complaint in this action on November 15, 2023 ("Complaint"). On January 5, 2024, Quadrant filed its "Original Answer and Affirmative Defenses to Complaint, and Counterclaim" ("Answer"). As explained below, based on the pleadings alone, judgment on the pleadings should be granted.

## ARGUMENT

**A.   VEP's Complaint Establishes A Prima Facie Case Of Default On A Promissory Note**

"State law governs the creation of a promissory note, as well as the liability of the maker in an action brought for its enforcement." *Barbosa v. Jastrzab*, No. 1:08-CV-857 (FJS/RFT), 2009 U.S. Dist. LEXIS 26323, at *7 (N.D.N.Y. Mar. 30, 2009). "To establish a prima facie case of default on a promissory note under New York law, a plaintiff must provide proof of the valid note and of [the] defendant's failure, despite proper demand, to make payment." *Berkshire Bank v.*

*Tedeschi*, No. 1:11-CV-0767 (LEK/CFH), 2013 U.S. Dist. LEXIS 43214, at *11 (N.D.N.Y. Mar. 27, 2013) (citation omitted).

VEP's Complaint states a prima facie case for default on a promissory note. VEP alleges that the parties executed a Convertible Note ("Note") governed by New York law with a date of issuance of November 12, 2018, a true and correct copy of which is attached to the Complaint. Dkt. No. 1 at ¶¶ 10, 15, and Exhibit A thereto. The Note provides that Quadrant:

> FOR VALUE RECEIVED . . . hereby promises to pay to the order of VEP Biotech Ltd. or its eligible assigns or successors-in-interest (the "Investor"), the principal sum of the Purchase Price, together with accrued but unpaid interest thereon, if any, on the Maturity Date, to the extent such principal amount and interest has not been repaid or converted in accordance with the terms hereof.

*Id.* (quoting Exhibit A thereto at 1). VEP's Complaint alleges and quotes the material terms of the Note, requiring payment of the Note's US$5,000,000 purchase price plus any accrued but unpaid interest at 5% per annum, less any principal prepayments, upon demand at any time on or after the Note's Maturity Date of October 30, 2023. *See* Dkt. No. 1 at ¶¶ 11-12 (quoting Exhibit A thereto at 1, §§ 1(g), 1(j), 1(k), 2.1, and 2.2).

VEP's Complaint further alleges that Quadrant failed to pay any amount on the Note from the Date of Issuance (November 12, 2018) through the Maturity Date (October 30, 2023). *See* Dkt. No. 1 at 16. VEP also alleges that it demanded immediate payment of all amounts due under the Note on November 1, 2023, two days after the Note's Maturity Date, in an email that satisfied the Note's notice requirements, a true and correct copy of which is attached as Exhibit B to the Complaint. *See* Dkt. No. 1 at ¶ 17 and Exhibit B thereto (quoting Exhibit A thereto at § 5.6). Despite this demand for immediate payment, VEP alleges that Quadrant did not pay and refused to pay any portion of the amounts due under the Note. *See* Dkt. No. 1 at 19.

VEP also alleges that the Note defines an "Event of Default" to include Quadrant's failure "to pay as and when due any principal or interest" under the Note "within five (5) days of when due." Dkt. No. 1 at ¶ 13 (quoting Exhibit A thereto at § 4.1(a). VEP alleges that the Note provides VEP "the right to demand payment under the Convertible Note upon the occurrence and continuation of any Event of Default" and entitles VEP to "all remedies under applicable law and may institute, or cause to be instituted, proceedings for the realization of its rights under this Convertible Note", which "rights and remedies are cumulative." *Id.* (quoting Exhibit A thereto at §§ 4.2, 4.3). Accordingly, based on the VEP's Complaint and the Note, VEP has stated a prima facie case for default on the Note.

**B.   Quadrant's Answer Raises No Issue Of Fact Or Law That Could Serve As A Basis For Contesting VEP's Motion For Judgment On The Pleadings**

Quadrant's Answer admits that the parties executed a valid Note on November 12, 2018, and "does not dispute that Exhibit A to the Complaint is a true and correct copy" of the Note. Dkt. No. 15 at p. 5 and ¶ 10. Quadrant answers all of VEP's allegations regarding the material terms of the Note — terms that set forth the date of issuance, the amounts due, the date those amounts became due, that failure to pay those amounts constitutes an event of default, and the law governing the Note — by admitting that the Note "speaks for itself" and "refer[ing] the Court to the full text of the [Note] for an accurate and complete record of its contents[.]" *See* Dkt. No. 15 at ¶¶ 10–15. An answer stating that a document "speaks for itself" fails to dispute the existence of that document or its terms. *See Wells Fargo Bank v. Nasr*, No. 19cv47(DLC), 2019 U.S. Dist. LEXIS 79847, at *10 (S.D.N.Y. May 10, 2019) (holding that a defendant's answer stating that a document "speaks for itself" does not "dispute the existence of the [document]" or "plaintiffs' interpretation of its principal terms"). Accordingly, there no dispute that the Note is valid and accurately reflects Quadrant's obligations to VEP.

Quadrant also admits that "it did not make any payments under the [Note] to VEP from the Date of Issuance through the Maturity Date or thereafter" and that it "has not returned the 'Outstanding Principal Amount'" due under the Note. *Id.* at ¶¶ 16, 19. Further, Quadrant "does not dispute" that the email attached as Exhibit B to VEP's Complaint, through which VEP demanded immediate payment on the Note, "is a redacted copy" of that email, and that this email "satisfies the terms of the notice provision" in the Note. *Id.* at ¶¶ 17-18. As before, Quadrant admits that the email "speaks for itself" and "refers the Court to the full text of the document for an accurate and complete record of its contents[.]" *Id.*; *see also Nasr,* 2019 U.S. Dist. LEXIS 79847, at *10.

Accordingly, Quadrant does not dispute: (a) the date of issuance (November 12, 2018), (b) the amount VEP provided under the Note ($5 million), (c) the date payment was due under the Note (October 30, 2023), (d) that VEP demanded payment on the Note (Exhibit B to the Complaint), and (e) that Quadrant failed to pay the Note. Based on the parties' pleadings and attachments thereto, Quadrant has conceded liability for default on the Note. Nothing more is required to establish VEP's entitlement to judgment on the pleadings. *See, e.g.*, *Red Fort Capital, Inc. v. Guardhouse Prods. LLC*, 397 F. Supp. 3d 456, 481 (S.D.N.Y. 2019) (granting judgment on the pleadings where defendant's "Answer and Counterclaims admit the existence of the Agreement, [plaintiff's] payment of €1,750,000 pursuant to the Agreement and as a loan, and [defendant's] non-payment long after the maturity date."); *Citibank, N.A. v. Tormar Assocs. LLC*, No. 15-CV-1932 (JPO), 2015 WL 7288652, at *3-4 (S.D.N.Y. Nov. 17, 2015) (granting plaintiff judgment on the pleadings where the "contract [is] valid," its terms are unambiguous, and defendants conceded "the facts necessary to establish Citibank's breach of contract claim").

### C. Quadrant's Affirmative Defenses and Counterclaim Are Irrelevant And Are Not A Basis For Denying VEP's Motion For Judgment On The Pleadings

Quadrant's Answer admits to each of the elements of VEP's claim for default on the Note and entitles VEP to judgment on the pleadings. Despite this, it appears that Quadrant is attempting to invoke allegations in its Counterclaim to somehow prevent entry of judgment on the pleadings in favor of VEP. But New York law is clear that Quadrant's Counterclaim allegations are irrelevant and immaterial to VEP's motion. Specifically, Quadrant raises certain affirmative defenses based on allegations in its Counterclaim that VEP breached a separate Note Purchase Agreement by failing to provide two additional loans (not the loan at issue in the Note) contemplated in the Note Purchase Agreement. *See* Dkt. No. 15 at pp. 7, 10–12 (referencing the Note Purchase Agreement attached as Exhibit 1 to Quadrant's Answer). Notably, Quadrant does not allege that anything in the Note Purchase Agreement somehow permits Quadrant to withhold repayment on the Note for any reason. And even if Quadrant had so alleged, under applicable New York law, a purported breach of the Note Purchase Agreement is immaterial to Quadrant's absolute and unconditional payment obligation under the Note.[1]

Under New York law, a breach of a related agreement does not preclude judgment as a matter of law on a promissory note. The only exception to this rule is if two agreements are "intertwined," meaning that "the negotiable instrument supplied the consideration for the breach, such that a breach of the contract would, if proven, negate the obligation to honor the instrument." *Foster Family LP v. Adelphi Luxury Apartments LLC*, No. 10-CV-2844 (FB) (CLP), 2012 U.S.

---

[1] The choice of law provisions in the Note and the Note Purchase Agreement require that these agreements "be construed and enforced in accordance with, and all questions concerning the construction, validity, interpretation and performance of this Agreement shall be governed by, the internal laws of the State of New York." Dkt. No. 1, Exhibit A at § 5.5; Dkt. No. 15, Exhibit 1 at § 7.1.

Dist. LEXIS 30288, at *4 (E.D.N.Y. Mar. 7, 2012) (citing New York law).  Even a counterclaim arising from the same instrument does not preclude judgment as a matter of law unless "the breach of one provision would excuse breach of the other provision."  *Gallagher's NYC Steakhouse Franchising v. NY Steakhouse Of Tampa*, 11 Civ. 1456 (THK), at *13 (S.D.N.Y. Dec. 5, 2011) (citing New York law) (finding that defendant's counterclaims "appear to arise from the same instrument" but are "wholly independent of Plaintiff's claims" and do not preclude judgment in plaintiff's favor because "[n]o evidence has been presented that suggests that the breach of one provision would excuse breach of the other provision.").  The same principle holds true for defenses that are "based on facts extrinsic to the note" — such defenses do not preclude judgment as a matter of law unless the defense is "'intertwined' with the enforceability of the contract." *Better Holdco, Inc. v. Pierce*, 2023 U.S. Dist. LEXIS 177044, at *10 (S.D.N.Y. Sep. 29, 2023) (citing New York law)).

As set forth in VEP's Complaint, the Note's repayment obligation is unequivocal, unconditional, and absolute.  The terms of the Note do not condition Quadrant's payment obligation on funding additional notes, nor otherwise provide any condition or other means by which Quadrant could avoid its payment obligations.  *See generally*, Dkt. No. 1, Exhibit A.  Quadrant's Answer and Counterclaim do not allege any differently, and Quadrant does not contest the unequivocal terms the Note.  *See* Dkt. No. 15 at p. 5 and ¶¶ 10–15.  In fact, all events of default specified in the Note are actions by Quadrant, not by VEP, and the occurrence of any event of default does not absolve Quadrant of its payment obligation.  *See id.* at § 4.1.

Quadrant's Counterclaim mentions in passing that the Note incorporates and is subject to the terms and conditions of the Note Purchase Agreement, but this does not alter the Court's analysis of VEP's motion for judgment on the pleadings.  *See* Dkt. No. 1, Exhibit B, at p. 1; Dkt.

No. 15, Exhibit 1.  The terms of the Note Purchase Agreement (just like the terms of the Note) do not condition Quadrant's payment obligation under the Note on funding additional notes.  In fact, neither the Note Purchase Agreement nor the Note provide *any* condition or other means by which Quadrant could avoid its payment obligations under the Note — and Quadrant has not alleged otherwise.  *See* Dkt. No. 1, Exhibit B, at p. 1; Dkt. No. 15, Exhibit 1.  Rather, the terms of the Note Purchase Agreement concern the issuance and sale of promissory notes, as stated succinctly on its first page: "[u]pon the terms and subject to the conditions contained herein, and in reliance on the representations, warranties, covenants, terms and conditions of this Agreement, the [Quadrant] shall issue and sell" three promissory notes to VEP.  Dkt. No. 15, Exhibit 1 at § 1.2.  There are no provisions in the Note Purchase Agreement that allow Quadrant to avoid its obligations to VEP on a note regardless of whether that note has issued, or not issued, pursuant to the Note Purchase Agreement.  Indeed, the Note Purchase Agreement contains no events of default whatsoever, much less a right that could affect Quadrant's payment obligation under the Note.

  Thus, Quadrant's attempt to excuse its payment obligation under the Note finds no support in the Note Purchase Agreement and is contrary to New York law that a related agreement does not affect payment obligations on a promissory note.  Indeed, there is extensive case law in New York reiterating the principle that reference to or breach of a related agreement does not preclude judgment as a matter of law on an absolute and unconditional payment obligation under a promissory note.  *See, e.g.*, *Margarella v. Ullian*, 83 N.Y.S.3d 569, 571 (N.Y. App. Div. 2018) (holding that breach of a related agreement does not create a defense to payment on a valid promissory note containing an unconditional and absolute payment obligation); *N.Y. Cmty. Bank v. Fessler*, 88 A.D.3d 667, 668 (N.Y. App. Div. 2011) (same); *Embraer Finance Ltd. v. Servicios Aereos Profesionales, S.A.*, 42 A.D.3d 380, 381 (N.Y. App. Div. 2007) (same); *Borg v.*

*BelairRidge Development Corp.*, 270 A.D.2d 377, 378 (N.Y. App. Div. 2000) (same); *Haselnuss v. Delta Testing Laboratories, Inc.*, 249 A.D.2d 509, 510 (N.Y. App. Div. 1998) (same); *East New York Savings Bank v. Baccaray*, 214 A.D.2d 601, 602 (N.Y. App. Div. 1995) (same). Accordingly, Quadrant cannot invoke the Note Purchase Agreement as a basis to avoid its unconditional payment obligation under the Note.

## CONCLUSION

Quadrant's payment obligation on the Note is unconditional and absolute. VEP hereby requests that the Court grant its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Dated:  15 February 2024

**REED SMITH LLP**

By: */s/ Andrew Wong*
Andrew Wong (5531249)
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: 213.457.8000
Email: andrew.wong@reedsmith.com

Benjamin Watson (5884978)
599 Lexington Avenue, Suite 2900
New York, NY 10022
Tel: 212.549.4237
Email: bwatson@reedsmith.com

*Attorneys for VEP Biotech Ltd.*